## YOUNG v. SHULENBERG.

(Supreme Court, Appellate Division, Third Department.   November 16, 1898.)

TRESPASS—TITLE—EVIDENCE—DEATH—INTESTACY.

> The recital in a deed that the grantors are the heirs of the owner, and that he died intestate, is sufficient evidence of those facts to entitle one lawfully in possession under a land contract to bring trespass against one having no claim of title or right of possession, where for 80 years plaintiff's grantors relied for title on a chain of deeds reaching back to the one mentioned.

Appeal from trial term, Fulton county.

Action by Everett Young against John C. Shulenberg. From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Clark L. Jordan, for appellant.

Andrew J. Nellis, for respondent.

LANDON, J.   The complaint charges the defendant with entering upon his premises, and cutting and carrying away timber therefrom. Answer, a general denial.   The locus in quo is wild, uninclosed forest land.   The plaintiff produced in evidence deeds of the premises, commencing with the state in 1794, and continuing by mesne conveyances to William Claflin, in 1872, under whom he claims.   Among these deeds is one dated in 1817, which recites that Alexander Ellice, of London, England, the previous grantee under deed dated in 1795, died intestate, leaving the grantors named in the deed (of 1817) his widow and heirs at law.   William Claflin, in 1893, gave to the plaintiff a contract to convey to him the premises upon the payment by him, in installments, of the purchase price, and giving him the right of possession meantime, with the right to cut timber therefrom.   The plaintiff has meantime made payment of such installments as became due, and has cut considerable timber upon the premises, and paid the taxes thereon.   The defendant cut timber, and carried it away from the premises.   The defendant makes no claim of title or right of possession.

We think, as between the defendant, a wrongdoer, and the plaintiff, claiming the right of possession under Claflin, the grantee of the grantors named in the deed of 1817, Claflin holding the entire chain of deeds as his muniments of title, Claflin and his grantors relying upon them without challenge for nearly 80 years, the deed of 1817 being accompanied, as it may be presumed, by the delivery to the grantee of the earlier deed to Alexander Ellice, that its recitals of the death of Alexander Ellice, intestate, leaving the widow and heirs named in the deed, being in harmony with common experience and the course of nature, are evidence of such facts.   Fulkerson v. Holmes, 117 U. S. 389, 399, 6 Sup. Ct. 780.   There being no evidence to the contrary, the trial court did not err in holding that the plaintiff had shown his right to recover.

Judgment and order affirmed, with costs.